UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————
                                                    )
CAMILLE KARDOOSE,                                   )
ADMINISTRATOR of the ESTATE OF                      )
LOUIS J. KARDOOSE,                                  )
                                                    )
            Plaintiff,                              )
                                                    )      Civil Action No.
            v.                                      )      14-14188-FDS
                                                    )
UZIEL BETANCOURT, MDX                               )
TRANSPORT CORP., and NECTALI                        )
MORENO,                                             )
                                                    )
            Defendants.                             )
———————————————————)

## ORDER ON PLAINTIFF'S REQUEST FOR NOTICE OF DEFAULT

SAYLOR, J.

          This case arises out of a car accident.  Defendant Nectali Moreno is a non-resident owner

of one of the vehicles involved.  Plaintiff has requested that the Court enter a notice of default

against Moreno because he has not answered or otherwise responded to the complaint.  Plaintiff

contends that more than twenty days without a response have passed since Moreno was served

pursuant to Mass. Gen. Laws ch. 223A, § 6 on January 25, 2016, and pursuant to Mass. Gen.

Laws ch. 90, § 3C on February 16, 2016.  For the following reasons, plaintiff's request will be

denied without prejudice.

          Mass. Gen. Laws ch. 90, § 3A provides that a nonresident who operates, by himself or

through an agent, a motor vehicle on a public way within Massachusetts "shall be deemed" to

have appointed "the registrar, or his successor in office, to be his true and lawful attorney upon

whom may be served all lawful process in any action or proceeding against him or his executor

or administrator, growing out of any accident or collision in which such person or his agent may be involved." Here plaintiff has served an agent of the Registry of Motor Vehicles as service agent for Moreno.

However, Mass. Gen. Laws ch. 90, § 3C provides that "service of process under section [3A] . . . shall be made by leaving a copy of the process with a fee . . . in the hands of the registrar, or in his office, *and* by giving the defendant notice in either manner provided in paragraph (1) or in that provided in paragraph (2) hereof." (emphasis added). Under paragraph (1), a plaintiff must mail "notice of such service upon the registrar as attorney for the defendant, and a copy of the process . . . to the defendant at his address of record," and file an "affidavit of compliance . . . and the defendant's return receipt" with the Court. *Id.* § 3C(1). Alternatively, under paragraph (2), a defendant must be personally served with that notice, by a "public officer." *Id.* § 3C(2).

Plaintiff has not demonstrated that the service of Moreno complies with either paragraph (1) or paragraph (2) of Mass. Gen. Laws ch. 90, § 3C. Accordingly, plaintiff's request for a notice of default will be denied without prejudice to its renewal.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 10, 2016                    United States District Judge